IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHIKE UZUEGBUNAM, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> STANLEY C. PRECZEWSKI, *et al.*. <br><br> *Defendants*. | Case No. 1:16-cv-04658 <br><br> THE HONORABLE ELEANOR ROSS |

**PLAINTIFF'S MOTION FOR A
MAGISTRATE-HOSTED SETTLEMENT CONFERENCE**

Plaintiffs Chike Uzuegbunam and Joseph Bradford, by and through counsel, and pursuant to Local Rule 7.4, move that this Court set a magistrate-hosted settlement conference to address the remaining issues in this lawsuit. In support of this Motion, Plaintiffs rely on the following facts:

1.  On February 15, 2017, Plaintiffs filed their Amended Complaint, challenging Defendants' Speech Zone and Speech Code Policies. 1st Am. Compl., Feb. 15, 2017, ECF No. 13.

2.  Among other things, this Complaint pleaded that Defendants' Speech Zone Policy unconstitutionally restricted student expression to two tiny areas of campus that were only open 10% of the week, required students to get permission from Georgia Gwinnett College (GGC) officials before engaging in any expression on campus, gave GGC officials unbridled discretion to restrict this expression, and required students to submit any literature they desired to distribute on campus to GGC officials for review before they could distribute it.

1

*See, e.g.*, 1st Am. Compl. ¶ 111, ECF No. 13.

3.   On March 17, 2017, Defendants filed a motion to dismiss, defending the challenged policies in full. *See generally* Defs.' Memo of Law in Supp. of Defs.' Mot. to Dismiss Pls.' Am. Compl., ECF No. 18-1. This motion has now been fully briefed and is pending with this Court.

4.   On March 31, 2017, Defendants filed an additional motion to dismiss, arguing that their recent policy changes mooted Plaintiffs' injunctive claims. *See generally* Defs.' Br. in Supp. of Defs.' Mot. to Dismiss for Mootness ("Defs.' Mootness Br."), ECF No. 21-1. This motion has now also been fully briefed and is pending with this Court.

5.   In their mootness brief, Defendants claim that "[u]nder the revised policy, students . . . may speak anywhere on campus and at any time without having to first obtain a permit." Defs.' Mootness Br. at 3–4. They also claim that this policy allows Plaintiffs "to distribute religious literature and exclaim their religious beliefs anywhere on campus and at any time, without having to obtain a permit." *Id.* at 7; *accord* Defs.' Reply in Supp. of Defs.' Mot. to Dismiss for Mootness ("Defs.' Mootness Reply") at 8, ECF No. 32.

6.   Unfortunately, these assurances from Defendants' briefs do not appear in the actual language of the revised policy. The First Amendment requires that these assurances be made explicit in the policy, and students need to know where they can and cannot speak on campus—without having to refer to a brief or affidavit filed with this Court. *See* Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss for Mootness ("Pls.' Mootness Resp.") at 17–20, ECF No. 27.

7. In addition, Defendants' revised policy still requires students to submit any literature they desire to distribute to GGC officials for review before sharing it with fellow students. Not only must they submit this material when reserving the speech zones, but the *Student Code of Conduct* still bans "[c]irculating any advertising media *without approval from College official*s." Pls.' Mootness Resp. at 20 (quoting Dowell Aff. Attach. B. § 3.J) (emphasis added).

8. Due to these discrepancies between Defendants' assurances in their briefs and Defendants' policy language (among other things), Plaintiffs' injunctive claims are not moot. *See* Pls.' Mootness Resp. at 16–25.

9. When these revised policies were first unveiled, Plaintiffs' counsel highlighted the issues described here to Defendants counsel and inquired whether Defendants were willing to make additional changes to remedy them. Defendants' counsel indicated that their clients were not willing to make additional changes to this policy.

10. If Defendants' are sincere in the assurances presented in their briefs, it is difficult to see how there can be an objection to clarifying the revised policies so that the policy language matches their assurances.

11. If this Court thinks a magistrate-hosted settlement conference would help clarify or resolve these issues, Plaintiffs are open to participating in one so that Defendants' policies could be adjusted to address these issues and the other constitutional concerns that Defendants' revised policies fail to address. *See* Pls.' Mootness Resp. at 16–25.

12.  If possible, Plaintiffs would like to spare both parties the further expense and inconvenience of continued litigation and obviate the need for this Court to hold a hearing and then issue a decision on the pending motions. If this Court believes that a magistrate-hosted settlement conference could prompt Defendants to make the relatively modest adjustments to their revised policies necessary to resolve the remaining issues in this lawsuit, Plaintiffs request that one be set.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion for a Magistrate-Hosted Settlement Conference and set such a conference for a date convenient to the magistrate judge this Court selects to host it. A proposed order is attached.

Respectfully submitted this 28th day of June, 2017.

*/s/ Travis C. Barham*

DAVID A. CORTMAN
Georgia Bar No. 188810
TRAVIS C. BARHAM
Arizona Bar No. 024867
Georgia Bar No. 753251
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE,
Suite D-1100
Lawrenceville, Georgia 30043
Telephone: (770) 339–0774
Facsimile: (770) 339–6744
dcortman@ADFlegal.org
tbarham@ADFlegal.org

CASEY MATTOX*
Virginia Bar No. 47148
ALLIANCE DEFENDING FREEDOM
440 1st Street, NW, Ste. 600
Washington, D.C. 20001
Telephone: (202) 393–8690
Facsimile: (202) 347–3622
cmattox@ADFlegal.org

* Admitted *pro hac vice.*

*Attorneys for Plaintiffs*

4

## C<span style="font-variant:small-caps">ertificate of</span> C<span style="font-variant:small-caps">ompliance</span>

Pursuant to Local Rule 7.1(D), N.D. Ga., I hereby certify that the foregoing document has been prepared in Century Schoolbook, thirteen-point font and fully complies with the font and point selection requirements of Local Rule 5.1(B), N.D. Ga.

Respectfully submitted on this the 28th day of June, 2017.

*/s/ Travis C. Barham*
Travis C. Barham
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2017, I electronically filed a true and accurate copy of the foregoing motion and accompanying proposed order with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to the following attorneys of record:

> CHRISTOPHER CARR
> Attorney General
> KATHLEEN M. PACIOUS
> Deputy Attorney General
> ROGER CHALMERS
> Senior Assistant Attorney General
> ELLEN CUSIMANO
> Assistant Attorney General
> 40 Capitol Square, Southwest
> Atlanta, Georgia 30334-1300
> Telephone:  (404) 463–8850
> Facsimile:  (404) 651–5304
> dorland@law.ga.gov
> ecusimano@law.ga.gov
>
> *Attorneys for Defendants*

Respectfully submitted on this the 28th day of June, 2017.

*/s/ Travis C. Barham*
Travis C. Barham
*Attorney for Plaintiffs*