**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **CHIKE UZUEGBUNAM and** | ) | |
| **JOSEPH BRADFORD,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **1:16-cv-04658-ELR** |
| **STANLEY C. PRECZEWSKI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR MOOTNESS

Defendants, by and through the undersigned counsel, the Attorney General for the State of Georgia, respectfully submit this supplemental brief in support of their Motion to Dismiss for Mootness.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs are challenging the constitutionality of the Freedom of Expression Policy and Disorderly Conduct Policy at Georgia Gwinnett College ("GGC"), claiming that the policies are unconstitutional, both facially and as-applied to their speech. (Doc. 13). Plaintiffs seek nominal damages, as well as equitable relief. (Doc. 13 at pp. 78-79). In particular, Plaintiffs seek a preliminary and permanent injunction that prohibits Defendants from enforcing the policies at issue. They also seek declarations that the policies, and the application of those policies to their speech, violate the First and Fourteenth Amendments. (Doc. 13, pp. 78-79).

1

On February 1, 2017, Defendants filed a Motion to Dismiss the lawsuit in its entirety for failure to state a claim.  (Doc. 1).  In response, Plaintiffs filed an Amended Complaint.  (Doc. 13).  Defendants then filed a Motion to Dismiss the Amended Complaint on March 17, 2017, which is currently pending before the Court.  (Doc. 17).  During the pendency of the litigation, GGC clarified its Freedom of Expression Policy and its Disorderly Conduct Policy.  As a result, on March 31, 2017, Defendants filed a Motion to Dismiss for Mootness, which is also currently pending before the Court.  (Doc. 21).

Defendants are submitting this supplemental brief in support of their Motion to Dismiss for Mootness to apprise the Court of two subsequent developments that support their arguments that the case is moot and should therefore be dismissed in its entirety.  *First*, Plaintiff Chike Uzuegbunam recently graduated from GGC, which provides this Court with an additional basis for holding that his claims are moot.  *Second*, the Eleventh Circuit issued an opinion in Flanigan's Enters. v. City of Sandy Springs, 868 F.3d 1248 (11th Cir. 2017), making it clear that, if this Court finds that the clarification of GGC's policies renders Plaintiffs' claims for equitable relief moot, then Plaintiffs' remaining claims for nominal damages and attorneys' fees will not save the case from dismissal.

## II.    ARGUMENT AND CITATION TO AUTHORITIES

### A.    Plaintiff Uzuegbunam's Claims are Moot for the Additional Reason that He is No Longer a Student at GGC.

Article III of the United States Constitution requires that a plaintiff's claim "be live not just when he first brings suit, but throughout the litigation."   Tucker v. Phyfer, 819 F.2d 1030, 1034 (11th Cir. 1987) (citations omitted).  For a plaintiff's claim to be considered "live," the plaintiff must have "a personal stake in the outcome."  Id. at 1033 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983)); Chiles v. Thornburgh, 865 F.2d 1197 (11th Cir. 1989); Saladin v. Milledgeville, 812 F.2d 687 (11th Cir. 1987).  "If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot." Tucker, 819 F.2d at 1033.

Here, Plaintiff Uzuegbunam's transcripts show that he received a Bachelor's of Science from GGC in August 2017 and that he is not currently enrolled at GGC.[1]  See Transcripts, attached hereto and incorporated herein as Exhibit 1. Because Plaintiff Uzuegbunam is not a GGC student, he no longer has a "personal stake" in an injunction prohibiting GGC from enforcing its speech policies or a declaration that the policies are allegedly unconstitutional.  Plaintiff Uzuegbunam's requests for equitable relief must, accordingly, now be dismissed as

---

[1] In resolving the issue of mootness, the Court can consider matters outside of the pleadings.  See, e.g., McCabe v. Daimler AG, 2015 U.S. Dist. LEXIS 182877 (N.D. Ga. 2015) (citing to Morrison v. Amway Corp., 323 F.3d 920 (11th Cir. 2003)).

moot for this additional reason.  See, e.g., Adler v. Duval County Sch. Bd., 112

F.3d 1475, 1477 (11th Cir. 1997) (holding that the plaintiffs' graduation from high

school rendered their claims for equitable relief moot because they "no longer

need[] protection from future injury"); Carver Middle Sch. Gay-Straight Alliance

v. Sch. Bd. of Lake Cnty., Fla., 842 F.3d 1324 (11th Cir. 2016) (holding that the

plaintiff's request for an order enjoining the school board from denying his

application to form a school club was moot because he is no longer a student at

that school); Wilf v. Bd. of Regents of the Univ. Sys. of Ga., 2012 U.S. Dist.

LEXIS 193700 (N.D. Ga. 2012) (holding that a student plaintiff's claims for

equitable relief were rendered moot by his graduation); Pederson v. Louisiana

State Univ., 213 F.3d 858, 874 (5th Cir. 2000) (explaining that "[a]s is so often the

case in suits for injunctive relief brought by students, graduation or impending

graduation renders their claims for injunctive relief moot"); Schanou v. Lancaster

County Sch. Dist. No. 160, 62 F.3d 1040, 1043 (8th Cir. 1995) (holding, on

mootness grounds, that a request for injunctive relief no longer presented a live

controversy after the plaintiff student had graduated).

**B.      Under the Eleventh Circuit's 2017 Decision in *Flanigan's*, Plaintiffs' Request for Nominal Damages and Attorneys' Fees Does Not Save the Case from Dismissal.**

As explained in Defendants' initial Motion to Dismiss for Mootness (Doc.

21), the GGC policies that Plaintiffs are challenging have been rescinded and

replaced with clarified policies, such that both Plaintiffs' requests for injunctive

and declaratory relief based on the former policies are moot.  Moreover, as discussed above, Plaintiff Uzuegbunam's requests are moot for the additional reason that he is no longer a GGC student.  As a result, the only remaining relief that Plaintiffs requested in their First Amended Complaint is an award of nominal damages and attorneys' fees.  (Doc. 13, p. 79).  However, pursuant to recent Eleventh Circuit precedent in Flanigan's, Plaintiffs' remaining requests for nominal damages and attorneys' fees are insufficient to save this lawsuit from dismissal.  Thus, to be clear, in the event the Court finds that Plaintiffs' claims for equitable relief are moot, Defendants request that this lawsuit be dismissed in its entirety based on the plain dictates of Flanigan's.

The Eleventh Circuit's recent decision in Flanigan's Enters. v. City of Sandy Springs, 868 F.3d 1248, 1264 (11th Cir. 2017), cert. denied in Davenport v. City of Sandy Springs, 2018 U.S. LEXIS 1960 (U.S., Mar. 26, 2018), is directly on point. In that case, the plaintiffs challenged the constitutionality of a portion of a municipal ordinance that prohibited the sale of sexual devices within the City of Sandy Springs.  Id. at 1253.  The plaintiffs contended that the ban violated their due process rights, and they requested declaratory and injunctive relief striking down the ordinance as unconstitutional and permanently enjoining its enforcement. Id.  Two of the plaintiffs also requested an award of nominal damages and

attorneys' fees against the city.[2]  Id. at 1254.  The district court granted the city's

motion for judgment on the pleadings, and while that decision was up on appeal,

the city repealed the portion of the ordinance at issue.  Id.  The city then moved to

dismiss the appeal for mootness.  Id.  The Eleventh Circuit found that the city's

repeal of the challenged portion of the ordinance rendered the plaintiffs' claims for

declaratory and injunctive relief moot.  Id. at 1263.  It also found that even though

the plaintiffs/appellants were requesting attorney's fees, "an interest in attorney's

fees is . . . insufficient to create an Article III case or controversy where none exists

on the merits of the underlying claim."  Id. at n. 11 (citing Lewis v. Cont'l Bank

Corp., 494 U.S. 472, 480 (1990)).  Consequently, the Eleventh Circuit found that

the plaintiffs/appellants' only remaining claim was for nominal damages.  Id.

The Eleventh Circuit therefore turned to the issue of "whether a prayer for

nominal damages . . . is sufficient to save this otherwise moot constitutional

challenge."  Id.  The Court first recognized that, even though there may be

situations where an award of nominal damages "would have a practical effect on

the parties' rights or obligations," this was not one of those situations.  Id. at 1263-

64.  Instead, the Court found that an award of nominal damages to the

plaintiffs/appellants "would serve no purpose other than to affix a judicial seal of

approval to an outcome that has already been realized."  Id. at 1264.  As the Court

---

[2] Those two plaintiffs did not request actual or compensatory damages.  Id. at n.
11.

further explained, "[the plaintiffs/appellants] have already won . . . . [t]hey have received all the relief they requested and there is nothing of any practical effect left for us to grant them." Id.  The Eleventh Circuit, therefore, dismissed the appeal, explicitly holding that in a case "involving a constitutional challenge to legislation that is otherwise moot, a prayer for nominal damages will not save the case from dismissal." Id.

While other circuits have reached a different conclusion, the Eleventh Circuit recognized this circuit split in Flanigan's and made it clear that "we are not convinced that the cases on which [those circuits] have relied suggest the result that they have reached."  Moreover, last month, the Supreme Court denied the plaintiffs'/appellants' petition for certiorari review.  See Davenport v. City of Sandy Springs, 2018 U.S. LEXIS 1960 (U.S., Mar. 26, 2018).  Thus, the holding in Flanigan's that a claim for nominal damages will not save an otherwise moot lawsuit from being dismissed is binding precedent in this Circuit, and is controlling in this case.

Based on the Eleventh Circuit's holding in Flanigan's, this Court should similarly find that Plaintiffs' requests for nominal damages and attorneys' fees does not save the case from dismissal.  Like the plaintiffs in Flanigan's, Plaintiffs are challenging the constitutionality of a government policy that has since been repealed, with the result that they have "received all the relief they requested."

Thus, there is "nothing of any practical effect left" for the Court to grant Plaintiffs, with the result that their lawsuit should be dismissed.

### III.   <u>CONCLUSION</u>

For the reasons set forth above and in Defendants' initial Motion to Dismiss for Mootness (Doc. 21), this Court should dismiss the instant lawsuit in its entirety on the grounds that it is moot.

Respectfully submitted,

CHRISTOPHER M. CARR      112505
Attorney General

KATHLEEN M. PACIOUS      558555
Deputy Attorney General

ROGER CHALMERS            118720
Senior Assistant Attorney General

<u>*/s/ Ellen Cusimano*</u>_____
ELLEN CUSIMANO            844964
Assistant Attorney General

Please address all communications to:

Ellen Cusimano
Assistant Attorney General
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 657-4355
Facsimile:  (404) 651-5304
E-mail: ecusimano@law.ga.gov

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in Times New Roman (14 point) and fully complies with the font and point selection requirements of LR 5.1(B), N.D. Ga.

*/s/ Ellen Cusimano*
ELLEN CUSIMANO

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I have electronically filed the foregoing

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO**

**DISMISS FOR MOOTNESS** using the CM/ECF system which will automatically

send electronic mail notification of such filing to counsel of record as follows:

**David A. Cortman**
**Travis C. Barham**
**Alliance Defending Freedom**
**1000 Hurricane Shoals Rd. NE, Suite D-1100**
**Lawrenceville, GA  30043**

**Casey Mattox**
**Alliance Defending Freedom**
**440 1ˢᵗ Street, NW, Ste. 600**
**Washington, D.C. 20001**

I hereby certify that I have mailed by United States Postal Service the

document to the following non-CM/ECF participants:  **NONE**

This 19ᵗʰ day of April, 2018.

*/s/ Ellen Cusimano*
ELLEN CUSIMANO