**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CHIKE UZUEGBUNAM**, *et al.*, <br><br>                    *Plaintiffs*, <br><br> v. <br><br> **STANLEY C. PRECZEWSKI**, *et al.*, <br><br>                    *Defendants*. | Case No. 1:16-cv-04658-ELR <br><br> **THE HONORABLE ELEANOR L. ROSS** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS FOR MOOTNESS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... iii

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................ 1

    I.    Plaintiffs continue to assert claims for injunctive relief because Mr. Bradford remains a student at Georgia Gwinnett College ..................... 1

    II.   Plaintiffs pleaded claims for monetary damages (not just nominal damages) that are not moot, particularly on a motion to dismiss. ........ 2

CONCLUSION .......................................................................................................... 7

CERTIFICATE OF FORMATTING ............................................................................. 8

CERTIFICATE OF SERVICE ..................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Aldana v. Del Monte Fresh Produce, N.A., Inc.*,
   416 F.3d 1242 (11th Cir. 2005) ................................................................ 4, 5

*Bank v. Pitt*,
   928 F.2d 1108 (11th Cir. 1991) ..................................................................... 6

*Bontkowski v. Smith*,
   305 F.3d 757 (7th Cir. 2002) ......................................................................... 4

*Chaparro v. Carnival Corp.*,
   693 F.3d 1333 (11th Cir. 2012) ................................................................. 3, 7

*Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*,
   635 F.3d 1106 (8th Cir. 2011) ....................................................................... 4

*Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs*,
   868 F.3d 1248 (11th Cir. 2017) ........................................................ 2, 3, 5, 6

*Gates v. Khokar*,
   884 F.3d 1290 (11th Cir. 2018) ..................................................................... 3

*Holt Civic Club v. City of Tuscaloosa*,
   439 U.S. 60 (1978) ........................................................................................ 3

*Kan. City, St. L. & Chi. R.R. Co. v. Alton R.R. Co.*,
   124 F.2d 780 (7th Cir. 1941) ......................................................................... 4

*KH Outdoor, LLC v. City of Trussville*,
   465 F.3d 1256 (11th Cir. 2006) ..................................................................... 6

*Kyle K. v. Chapman*,
    208 F.3d 940 (11th Cir. 2000).......................................................................... 5

*Levine v. World Fin. Network Nat'l Bank*,
    437 F.3d 1118 (11th Cir. 2006)........................................................................ 4

*Pension Benefit Guar. Corp. v. E. Dayton Tool & Die Co.*,
    14 F.3d 1122 (6th Cir. 1994)............................................................................ 4

*Quinlan v. Pers. Transp. Servs. Co.*,
    329 F. App'x 246 (11th Cir. 2009) .................................................................. 2

*Sheely v. MRI Radiology Network, P.A.*,
    505 F.3d 1173 (11th Cir. 2007)........................................................................ 3

*Wagner v. Daewoo Heavy Indus. Am. Corp.*,
    314 F.3d 541 (11th Cir. 2002).................................................................... 6, 7

*Watts v. Fla. Int'l Univ.*,
    495 F.3d 1289 (11th Cir. 2007).................................................................. 3, 7

**OTHER AUTHORITIES**

WRIGHT & MILLER, 5 FED. PRAC. & PROC. CIV. § 1255 (3d ed. 2004) ................. 4

**RULES**

FED. R. CIV. P. 54(c)........................................................................................... 3

**INTRODUCTION**

When Shakespeare wrote of "sound and fury, signifying nothing," he did not refer to Defendants' latest brief. Suppl. Br. in Supp. of Defs.' Mot. to Dismiss for Mootness ("Defs.' Mootness Suppl."), Apr. 19, 2018, ECF No. 39. But he could have, as nothing in it changes anything of any significance. Plaintiffs continue to assert injunctive relief claims as Mr. Bradford remains a student at Georgia Gwinnett College ("GGC"). They pleaded claims for monetary damages, not just nominal ones, based on the enforcement of these policies, claims that policy changes cannot moot. So Plaintiffs' claims remain just as live as they were the day before Defendants filed their supplement.

**ARGUMENT**

**I. Plaintiffs continue to assert claims for injunctive relief because Mr. Bradford remains a student at Georgia Gwinnett College.**

Defendants' entire injunctive relief argument focuses on Mr. Uzuegbunam. Defs.' Mootness Suppl. at 3–4. While his graduation moots *his* injunctive claims, it has no effect on anyone else's, as Defendants concede. *Id.* at 3 (seeking dismissal only of "Plaintiff Uzuegbunam's requests for equitable relief").

Notably, Defendants ignore Mr. Bradford. But he remains a GGC student with live claims for injunctive relief. Plaintiffs pleaded that Mr. Bradford is a GGC student, 1st Am. V. Compl. ("Compl.") ¶¶ 7, 17, Feb. 15, 2017, ECF No. 13; that he desires to express his religious beliefs on campus, *see, e.g., id.* ¶¶ 21, 23–25, 179, 321, 323–28; and that he remains subject to these policies, *see, e.g., id.* ¶¶ 346, 356. They then detailed how his speech is chilled due to Defendants' policies and the way they enforced those policies. *See, e.g., id.* ¶¶ 184, 237, 316–19, 330, 332, 334, 336–59. Plaintiffs explained before why Defendants' litigation-

1

motivated policy changes do not moot Mr. Bradford's injunctive claims, including how they perpetuate the Speech Zone Policy's most glaring constitutional flaws. *See* Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss for Mootness ("Pls.' Mootness Resp.") at 3–25, Apr. 24, 2017, ECF No. 27.

In short, Mr. Bradford's injunctive claims remain live. Mr. Uzuegbunam's graduation has no practical effect on this case.

## II. Plaintiffs pleaded claims for monetary damages (not just nominal damages) that are not moot, particularly on a motion to dismiss.

Defendants' damages argument rests on one case. *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs*, 868 F.3d 1248 (11th Cir. 2017). But that decision does not control here as (1) Plaintiffs pleaded claims for actual damages and (2) Defendants oversimplified its holding. Regardless of its application, Plaintiffs would have the chance to amend the Complaint to clarify the relief sought. So once again, Defendants' latest brief changes nothing about this case.

First, *Flanigan's Enterprises* involved plaintiffs who "did not request actual or compensatory damages." *Id.* at 1263 n.11. It recognized that a "claim for actual damages maintains the live controversy." *Id.* at 1270 n.23. It only governs when plaintiffs seek solely nominal damages. *Id.* That situation is not before this Court as Plaintiffs pleaded compensatory damages claims.

Plaintiffs repeatedly pleaded that they "are entitled to an award of monetary damages," Compl. ¶¶ 417, 434, 450, 469, and to "damages in an amount to be determined by the evidence and this Court." *Id.* ¶¶ 418, 435, 451, 470. "Monetary damages" does not refer exclusively to the nominal variety. *See, e.g.*, *Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009)

2

(using "monetary damages" to refer to compensatory and punitive damages); *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1198 (11th Cir. 2007) (same). And as nominal damages serve a symbolic function, *Flanigan's Enters.*, 868 F.3d at 1268, their amount is not determined by the evidence presented in court. Hence, Plaintiffs stated claims not just for nominal damages, but also for actual, compensatory damages—particularly when this Court construes the Complaint "broadly," *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007), and "in the light most favorable to [P]laintiff[s]." *Id.*; *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012); *see also Gates v. Khokar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (noting courts must "draw[] all reasonable inferences in the plaintiff's favor" on a motion to dismiss). Thus, *Flanigan's Enterprises* does not control, and these claims remain live.

Defendants ignore these paragraphs and focus solely on the prayer for relief. *See* Defs.' Mootness Suppl. at 5 (citing Compl. at 79). But the prayer does not limit the types of relief Plaintiffs seek. FED. R. CIV. P. 54(c) notes that courts must "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Here, in addition to Plaintiffs having pleaded such relief for compensatory damages, federal courts "should not dismiss a meritorious constitutional claim because the complaint seeks one remedy rather than another plainly appropriate one." *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 65 (1978). The prayer for relief can provide insight on the types of claims being brought, but "its omissions are not in and of themselves a barrier to redress of a meritorious claim." *Id.* at 66.

3

Where allegations are placed in the complaint does not matter as courts must "read the complaint as a whole." *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1252 n.11 (11th Cir. 2005). For example, a district court dismissed a case, saying the plaintiff "failed to specify his damages" because the prayer for relief just cited a statute and sought "any and all other relief that the Court deems just and appropriate." *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1123 (11th Cir. 2006). The Eleventh Circuit reversed because each count requested various remedies. *Id.* Under notice pleading, this stated claims for "for all of the available damages." *Id.*[1]

Here, each count pleaded compensatory damages. Compl. ¶¶ 417–18, 434–35, 450–51, 469–70. The prayer for relief also seeks "[a]ll other further relief to which Plaintiffs may be entitled." Compl. at 79 ¶ I. Thus, like the *Levine* plaintiff, Plaintiffs stated claims for all available types of damages. Defendants

---

[1] Other federal circuits have similarly ruled that the prayer for relief does not curtail the available types of relief. *See, e.g., Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108–09 (8th Cir. 2011) ("The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held. Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." (quoting WRIGHT & MILLER, 5 FED. PRAC. & PROC. CIV. § 1255 (3d ed. 2004)); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) ("[T]he demand is not itself a part of the plaintiff's claim . . . and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6) (dismissal for failure to state a claim)." (internal citations omitted)); *Kan. City, St. L. & Chi. R.R. Co. v. Alton R.R. Co.*, 124 F.2d 780, 783 (7th Cir. 1941) ("The prayer may be looked to to help determine the relief to which the appellant is entitled, but it is not controlling."); *Pension Benefit Guar. Corp. v. E. Dayton Tool & Die Co.*, 14 F.3d 1122, 1127 (6th Cir. 1994) ("If a pleading provides a defendant notice of the plaintiff's claims and the grounds for the claims . . . omissions in a prayer for relief do not bar redress of meritorious claims.").

cannot say they did not receive notice simply because these statements were in "another section of the complaint." *Aldana*, 416 F.3d at 1252 n.11. Thus, *Flanigan's Enterprises* does not control; these claims remain live.

These claims also survive qualified immunity as Plaintiffs pleaded facts showing Defendants violated clearly established rights. *Kyle K. v. Chapman*, 208 F.3d 940, 942 (11th Cir. 2000) ("Defendants are entitled to qualified immunity in a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege facts that would show a violation of a clearly established constitutional right."). Plaintiffs pleaded facts showing that Defendants enforced policies against Mr. Uzuegbunam that conferred multiple levels of unbridled discretion, making them viewpoint-based. Their Speech Code, used to silence him, established a heckler's veto. Their Speech Zone Policy, used to stop him, imposed an illegal prior restraint that cannot pass any level of constitutional scrutiny. These are just a few ways these policies violate clearly established law. *See* Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss Am. Compl. at 8–45, Apr. 7, 2017, ECF No. 22.

Second, Defendants ignore critical nuances on nominal damages. The Eleventh Circuit did not categorically hold that all nominal damages claims are moot once claims for other relief are moot. *Flanigan's Enters.*, 868 F.3d at 1270 n.23 ("Our holding today . . . does not imply that a case in which nominal damages are the only available remedy is always or necessarily moot."). It reiterated that "'[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.'" *Id.* (quoting *KH Outdoor,*

5

*LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006)). "Thus, where an alleged constitutional violation presents an otherwise live case or controversy, a district court is not precluded from adjudicating that dispute" and awarding nominal damages if actual damages cannot be proven. *Id.*

Here, a live case or controversy remains, with fundamental constitutional rights at stake. In 2016, Defendants silenced Mr. Uzuegbunam, saying he could only speak in two tiny locations on campus provided no one complained. For almost two years (*i.e.*, the rest of his GGC career), his and Mr. Bradford's speech was (and remains) chilled. Once sued, they replaced a policy they knew was flawed (*see* Compl. ¶¶ 197–203) with a new one that perpetuated the same flaws—that still confines student speech to two (now more vague) zones on campus, grants unbridled discretion, and requires students to let officials review in advance any leaflets they want to distribute. Pls.' Mootness Resp. at 16–25. Plaintiffs deserve the opportunity to prove their case. Whether they ultimately receive compensatory damages, *Flanigan's Enterprises* says they may still receive nominal damages. Hence, even those claims are not moot.

Last, any dismissal due to Defendants' supplement would have to be without prejudice. In general, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002).[2] Here, clarifying

---

[2] Per *Wagner*, *Bank* does not apply "when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the

the type of damages sought would be simple, would pose no prejudice, and would allow this dispute to be decided on the merits, rather than technicalities. Plaintiffs have not sought leave to amend so as to avoid aggravating this Court by mooting out the extensively briefed pending motions when they do not believe an amendment is needed. But if this Court wishes to have this point clarified, Plaintiffs can easily do so via affidavit or amendment.

## CONCLUSION

Defendants' latest brief changes nothing. Plaintiffs maintain live injunctive claims via Mr. Bradford. They pleaded actual damages claims, and here, this Court must construe the Complaint "broadly" and "in the light most favorable to [them]." *Watts*, 495 F.3d at 1295; *Chaparro*, 693 F.3d at 1335. Those claims cannot be mooted. A simple amendment would remedy any possible technicalities, resetting the case to where it stood before Defendants' supplement.

Respectfully submitted this the 1st day of May 2018,

                               */s/ Travis C. Barham*
                               DAVID A. CORTMAN
                               Georgia Bar No. 188810
                               TRAVIS C. BARHAM
                               Arizona Bar No. 024867
                               Georgia Bar No. 753251
                               ALLIANCE DEFENDING FREEDOM
                               1000 Hurricane Shoals Rd. NE,
                               Suite D-1100
                               Lawrenceville, Georgia 30043
                               Telephone: (770) 339–0774
                               Facsimile: (770) 339–6744
                               dcortman@ADFlegal.org
                               tbarham@ADFlegal.org

                               *Attorneys for Plaintiffs*

---

district court." *Wagner*, 314 F.3d at 542. Plaintiffs here request leave to amend if the Court deems it necessary.

## CERTIFICATE OF FORMATTING

I hereby certify that the foregoing document has been prepared in Century Schoolbook, thirteen point font and fully complies with the font and point selection requirements of L.R. 5.1(B), N.D. Ga.

Respectfully submitted on this the 1st day of May, 2018.

*/s/ Travis C. Barham*
Travis C. Barham
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2018, I electronically filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to the following attorneys of record:

>CHRISTOPHER CARR
>Attorney General
>KATHLEEN M. PACIOUS
>Deputy Attorney General
>ROGER CHALMERS
>Senior Assistant Attorney General
>ELLEN CUSIMANO
>Assistant Attorney General
>40 Capitol Square, Southwest
>Atlanta, Georgia 30334-1300
>Telephone: (404) 463–8850
>Facsimile: (404) 651–5304
>rchalmers@law.ga.gov
>ecusimano@law.ga.gov
>
>*Attorneys for Defendants*

Respectfully submitted on this the 1st day of May, 2018.

>*/s/ Travis C. Barham*
>Travis C. Barham
>*Attorney for Plaintiffs*